UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN, NICHOLAS, GOODMAN AND JAMES FENNER, EXECUTOR OF THE ESTATE OF MARILYN B. FENNER,<br>    Plaintiffs | : : : : : : | NO.: 3:01CV1609 (GLG) |
| v. | : : | |
| TOWN OF FARMINGTON BOARD OF EDUCATION,<br>    Defendant | : : : | MARCH 12, 2004 |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(a), the defendant, Town of Farmington Board of Education, hereby moves for summary judgment as to the First, Second and Third Counts of the plaintiffs' amended complaint dated November 26, 2001.

As more particularly set forth in the attached memorandum of law, Local Rule 56(a)1 statement and supporting exhibits, there is no genuine issue of material facts. The defendant is entitled to summary judgment for the following reasons:

    i.    the plaintiffs' decedent was not an employee at the time of her death, and therefore, she did not enjoy rights under the Collective Bargaining Agreement (Count One);

    ii.    the plaintiffs' decedent was not Actively at Work at the time of her

|      | death, and therefore, she was not entitled to life insurance under the Sun Life policy (Count One); |
|------|---|
| iii. | the plaintiffs' decedent and/or her estate failed to exhaust available grievance procedures (Count One); |
| iv.  | the plaintiffs' decedent and/or her estate failed to exhaust available administrative procedures through the Commission on Human Rights and Opportunities (Count Two); |
| v.   | the plaintiffs cannot establish disability discrimination as a matter of law (Count Two); |
| vi.  | the plaintiffs' decedent never provided the Board of Education with adequate notice of an intent to request leave under the Family Medical Leave Act and therefore, the plaintiffs cannot invoke the protection afforded under the Act (Count Three); |
| vii. | the plaintiffs' decedent had resigned her employment and was therefore not entitled to leave under the Family Medical Leave Act (Count Three); and |
| viii.| assuming *arguendo* that the plaintiffs' decedent had requested and/or been afforded leave, that leave would have expired as of December 15, 2000. At that time, the plaintiffs' decedent was unable to return to work; she had not indicated when she would be able to return to work; and she was unable to perform the essential functions of her position. As such, she was not afforded protection under the Family Medical Leave Act (Count Three). |

WHEREFORE, the defendant, Town of Farmington Board of Education, respectfully requests that the court grant its motion for summary judgment.

>DEFENDANT,
>TOWN OF FARMINGTON BOARD
>OF EDUCATION
>
>
>By/s/Alexandria L. Voccio
>   Alexandria L. Voccio, ct21792
>   Howd & Ludorf
>   65 Wethersfield Avenue
>   Hartford, CT  06114
>   Phone:  (860) 249-1361
>   Fax:  (860) 249-7665
>   E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 12th day of March, 2003.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109


                                           /s/Alexandria L. Voccio
                                           Alexandria L. Voccio