UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN, NICHOLAS, | : | NO.: 3:01CV1609 (GLG) |
| GOODMAN AND JAMES FENNER, | : | |
| EXECUTOR OF THE ESTATE OF | : | |
| MARILYN B. FENNER, | | |
|     Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF FARMINGTON BOARD | : | |
| OF EDUCATION, | : | |
|     Defendant | : | MARCH 12, 2004 |

### LOCAL RULE 56(a)1 STATEMENT IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)1 of the Local Rules of Civil Procedure, the defendant, **TOWN OF FARMINGTON BOARD OF EDUCATION**, respectfully submits the following statement of uncontested material facts in support of its Motion for Summary Judgment.

1.  The plaintiffs' decedent, Marilyn B. Fenner, was hired by the Farmington Board of Education in 1992 as the principal of the West District School. See **Exhibit A**, and **Exhibit B**, pp. 38, 40.

2.  As a principal, Dr. Fenner was a beneficiary of the collective bargaining agreement between the Farmington Board of Education and the Farmington Administrators' and Supervisors' Association. See Amended Complaint, First Count, ¶2.

3.  Pursuant to the terms of the collective bargaining agreement, the Farmington Board of Education agreed to provide administrators with life insurance. See Amended Complaint, First Count, ¶3; and **Exhibit C**.

4.  The collective bargaining agreement sets forth a grievance procedure to administrators who believe there has been a violation, misinterpretation or misapplication of the agreement. See **Exhibit C**.

5.  Dr. Fenner enrolled for group life insurance coverage with Sun Life Insurance Company of Canada on August 31, 1999. See **Exhibit A**.

6.  The life insurance policy specifically stated that insurance would cease on the date the employee retired, the date the employee's employment terminated and/or the date the employee ceased to be Actively at Work. See **Exhibit D**.

7.  The policy defined the term "Actively at Work" to mean that the employee is "perform[ing] all the regular duties of [her] job for a full work day." The policy states that an employee will be considered Actively at Work if she is on an approved leave of absence so long as the employee is not disabled. See **Exhibit D**, p. 28.

8.  Dr. Fenner was diagnosed with terminal cancer in November of 1999. See **Exhibit B**, p. 81.

9.  Dr. Kwam, a brain surgeon, diagnosed the decedent as having less than one year to live, assuming she had surgery, radiation and chemotherapy. See **Exhibit B**, pp. 81-82, 96.

10.  Shortly after learning that she had an incurable, cancerous brain tumor, Dr. Fenner informed Dr. Robert M. Villanova, Superintendent of Schools for the Town

of Farmington, of her condition.  See **Exhibit B**, p. 97.

11. Dr. Fenner underwent brain surgery in December of 1999.  See **Exhibit B**, p. 97.

12. Dr. Fenner returned to work in January of 2000 as principal of the West District School.  See **Exhibit B**, p. 98.

13. On February 29, 2000, Dr. Fenner advised her staff that she would be not be returning as principal the following school year.  See **Exhibit B**, pp. 71-73, 101; and **Exhibit E**.

14. That same day, in a letter addressed to West District parents, Dr. Fenner announced: "… I met with the faculty this morning to announce that this will be my last year as principal of West District School."  See **Exhibit B**, pp. 71-73, 101; and **Exhibit E**.

15. Dr. Fenner knew that she was unable to serve as principal in her condition.  See **Exhibit B**, pp. 37-38.

16. By March of 2000, the Farmington Board of Education had taken steps to recruit a new principal of the West District School.  A Weekend Update Memorandum from Dr. Villanova to the Board of Education members, dated March 3, 2000, reads in part: "West District School – Dr. Fenner and I did meet with the West District faculty on Tuesday morning.  Dr. Fenner informed the faculty of her June 30, 2000 retirement and her intent to continue as principal from now through the end of the year."  See **Exhibit F**.

17. On March 13, 2000, Dr. Villanova confirmed that Dr. Fenner's retirement would be effective on June 30, 2000.  He also introduced the selection

process and timeline for the appointment of a new principal for West District School. See **Exhibit G**.

18.  In a letter to Dr. Fenner, dated June 13, 2000, Amy Barret, Personnel Supervisor, congratulated Dr. Fenner on her retirement and informed her that she would now be responsible for making payments on the premiums of her health insurance.  See **Exhibit H**.

19.  On June 22, 2000, Dr. Fenner applied for disability benefits from the State of Connecticut Teachers' Retirement Board.  See Amended Complaint, First Count, ¶9; and **Exhibit I**.

20.  In the decedent's Application for Disability Allowance, Dr. Villanova wrote:  "Dr. Fenner submitted her intent to retire letter in April 2000 and will retire from her position as West District School Principal on June 30, 2000."  See Amended Complaint, Second Count, ¶10; and **Exhibit I**.

21.  Dr. Fenner was approved for, and received, disability pay from the State of Connecticut.  See **Exhibit B**, pp. 41, 45; and **Exhibit J**.

22.  In accepting those benefits, Dr. Fenner acknowledged that the effective date of her Disability Allowance (July 1, 2000) could "NOT precede [her] last paid date of employment."  See **Exhibit L**.

23.  After July 1, 2000, Mr. Fenner began making payments for health insurance in the amount of $394.67 a month on his wife's behalf.  See **Exhibit B**, pp. 42-43.

24.  The remainder or the insurance premium was paid by the Connecticut Teachers' Retirement Board.  See **Exhibit B**, pp. 44-45.

25. As of July 1, 2000, Dr. Fenner was no longer principal of West District School.  See **Exhibit B**, p. 117.

26. As of July 1, 2000, Dr. Fenner ceased to pay her union dues.  See **Exhibit B**, p. 118.

27. As of July 1, 2000, Dr. Fenner's salary as principal of the West District School was terminated.  See **Exhibit B**, pp. 117-18.

28. As of July 1, 2000, Dr. Fenner was no longer performing any job duties. See **Exhibit B**, p. 118.

29. As of July 1, 2000, Dr. Fenner no longer had an office to report to.  See **Exhibit B**, p. 118.

30. As of July 1, 2000, Dr. Fenner was unable to perform the essential functions of the position of principal of West District School.  See **Exhibit B**, p. 125.

31. On December 17, 2000, Dr. Fenner passed away.  See Amended Complaint, First Count, ¶6.

32. As of December 16, 2000, the Farmington Board of Education had not made any other employment offer to Dr. Fenner.  See **Exhibit B**, pp. 75-76.

33. As of December 16, 2000, Dr. Fenner had not requested reinstatement as principal of West District School, or employment in any other position within the Farmington Board of Education.  See **Exhibit B**, pp. 75-76.

34. As of December 16, 2000, there was no agreement regarding any future title, position, salary or benefits for Dr. Fenner within the Farmington Board of Education.  See **Exhibit B**, pp. 80-81.

35. Neither Dr. Fenner nor her estate ever filed a grievance pursuant to the

grievance procedure set forth in the applicable collective bargaining agreement. <u>See</u> **Exhibit B**, p. 21.

    36.    Neither Dr. Fenner nor the collective bargaining unit of which she was formerly a member ever asked Attorney Deneen, counsel for the Farmington Administrators' and Supervisors' Association, to file a grievance. <u>See</u> **Exhibit M**.

    37.    Dr. Fenner, nor her estate, ever filed a complaint with the Connecticut Commission on Human Rights and Opportunities. <u>See</u> **Exhibit B**, pp. 58, 124.

    38.    Dr. Fenner never requested leave pursuant to the Family Medical Leave Act. <u>See</u> **Exhibit B**, pp. 38-40.

                            DEFENDANT,
                            TOWN OF FARMINGTON BOARD
                            OF EDUCATION

                            By<u>/s/Alexandria L. Voccio</u>
                                Alexandria L. Voccio, ct21792
                                Howd & Ludorf
                                65 Wethersfield Avenue
                                Hartford, CT  06114
                                Phone:  (860) 249-1361
                                Fax:  (860) 249-7665
                                E-Mail: <u>avoccio@hl-law.com</u>

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 12th day of March, 2003.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109

/s/Alexandria L. Voccio
Alexandria L. Voccio