FILED

2004 JUL 26  P 2: 14

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN<br>NICHOLAS GOODMAN<br>JAMES FENNER | : | |
| Plaintiffs, | : | CIVIL ACTION NO.<br>3:01-CV-01609 (GLG) |
| vs. | : | |
| TOWN OF FARMINGTON<br>BOARD OF EDUCATION | : | |
| Defendant. | : | JULY 23, 2004 |

### JOINT STATUS REPORT

A.  Nature of the Case.

1.  This is a claim by the Executor of the Estate of Marilyn Fenner and the two alleged beneficiaries under her last life insurance policy issued through the Farmington Board of Education against the Farmington Board of Education and Kevin Deneen, the attorney to the Farmington Adminstrators and Supervisors Association, a collective bargaining unit.

Fenner's central claim against Farmington is that Farmington breached its collective bargaining agreement to maintain term life insurance on the life of one of its administrator's (Fenner) by terminating such coverage on Fenner effective July 1, 2000 without giving any notice to Fenner of such proposed action. Farmington objects to this characterization of the claim i.e. "without giving any notice to Fenner of such proposed action" as it asserts that there is no allegation in the amended complaint specifically alleging this.

Fenner's central claim against Deneen is that Deneen was professionally negligent in failing to properly represent and advise Fenner vis-à-vis the steps to be taken to protect Fenner's rights to continuation of the term life insurance policy being maintained by Farmington. Deneen denies that the plaintiff's decedent retained him or that he ever was retained or asked to, or agreed to advise concerning life insurance.

The relief requested against each of the defendants is money damages. There are no other pending actions wherein Marilyn Fenner or the estate of Marilyn Fenner is involved.

2.  There is pending Farmington's motion for summary judgment dated March 12, 2004. Plaintiff has filed opposing affidavit and memorandum. the parties are awaiting a court determination on this motion.

3.  The matter is to be tried to a jury.

B.  Discovery.

Discovery is not complete. Plaintiff has recently noticed the deposition of Farmington Superintendent of Schools for August 5, 2004. The parties will require six (6) additional months for discovery and expect to file a request for a modification of the Scheduling Order shortly. The parties respectfully request that a settlement attempt precede the filing of a request for a modified scheduling order.

C.  Settlement.

1,  Although mediation was scheduled with Magistrate Judge William Garfinkel on or about August 23, 2002, the mediation attempt did not proceed due to the fact that the insurer for the Board was in receivership. The receivership resulted in a stay of this action until February 1, 2004.

2.  There are no outstanding reports due at this point.

3.  The parties believe that a settlement conference at this time has the potential to be beneficial if it can take place prior to the need to incur significant added expense for defense.

2

D.  Trial Preparation.

1.  Eight (8) months from the commencement of discovery.

2.  N/A.

3.  Defendant Deneen plans to file dispositive motions.

4.  A joint trial memorandum has not been filed. Due to the approximately 1.5 year stay obtained by the defendant Farmington, the time limits set forth in the case management report have long since expired and the parties will be preparing a joint motion to amend the case management report and extend the respective time limits.

It is respectfully requested that a an early settlement conference be set and that submission of a motion to amend the case management report be permitted to be deferred until after the settlement conference is conducted.

Respectfully Submitted,
PLAINTIFFS
ALISTAIR GOODMAN
NICHOLAS GOODMAN
JAMES FENNER

By _____
David B. Beizer, Esquire (ct06161)
Beizer & Weintraub
Their Attorneys
345 North Main Street
West Hartford, CT 06117
(860) 236-5491

3

Case 3:01-cv-01609-CFD    Document 55    Filed 07/26/2004    Page 4 of 5

DEFENDANT
TOWN OF FARMINGTON
BOARD OF EDUCATION

By /s/ Alexandria L. Voccio
Alexandria L. Voccio, Esquire
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114-1190
ct 21792