UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN, NICHOLAS, | : | NO.: 3:01CV1609 (CFD) |
| GOODMAN AND JAMES FENNER, | : | |
| EXECUTOR OF THE ESTATE OF | : | |
| MARILYN B. FENNER, | : | |
|     Plaintiffs | : | |
| | | |
| v. | : | |
| | | |
| TOWN OF FARMINGTON BOARD | : | |
| OF EDUCATION, AND KEVIN DENEEN | : | |
|     Defendant | : | OCTOBER 22, 2004 |

## <u>MEMORANDUM OF LAW IN SUPPORT OF<br>MOTION TO DISMISS</u>

**I.**    <u>BACKGROUND</u>:

      Pending before this Court is the plaintiffs' four-count amended complaint, dated

November 26, 2001, against the defendants, Town of Farmington Board of Education

and Kevin Deneen.

      In count one, the plaintiffs allege that the Board of Education breached the

Collective Bargaining Agreement. <u>See</u> Amended Complaint, First Count, ¶7.

Specifically, the plaintiffs allege that the Farmington Board of Education failed to

provide life insurance coverage to the decedent, Marilyn Fenner, pursuant to the terms

of the applicable agreement. <u>See</u> Amended Complaint, First Count, ¶¶2-3, 7.

      The Farmington Board of Education stopped paying the premiums for Marilyn

Fenner's life insurance in July 2000.  See Amended Complaint, First Count, ¶5.  The

defendant contends that it was no longer required to continue the premiums on Dr.

Fenner's life insurance as she was no longer an employee of the Board of Education

as of July 2000.  The plaintiffs contend that Dr. Fenner was still an employee.  Dr.

Fenner died on December 17, 2000.  See Amended Complaint, First Count, ¶6.

The defendant, Farmington Board of Education, moves to dismiss the First

Count because the plaintiff failed to

## II.     LAW AND ARGUMENT:

### A.     Motion To Dismiss.

A motion to dismiss is the proper procedural vehicle to challenge a complaint

for failure to lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  In

deciding a motion to dismiss, the court "must accept all allegations in the complaint as

true and draw all inferences in the non-moving party's favor."  Patel v. Contemporary

Classics of Beverly Hills, 259 F.3d 123, 126 (2nd Cir. 2001).  Dismissal of the complaint

is proper only where "it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief."  Harris v. City of New

York, 186 F.3d 243, 250 (2nd Cir. 1999), quoting, Conley v. Gibson, 355 U.S. 41, 45-46

(1957).

A motion directed to the Court's subject matter jurisdiction may be raised at any

time.  See Fed. R. Civ. P. 12(h)(3).

2

**B.    The Plaintiff's Failure To Join His Union As A Party-Defendant Dooms His State Law Breach Of Contract Claim As A Matter Of Law.**

The plaintiff's failure to join his Union in this case and allege breach of the duty of fair representation deprives the Court of subject matter jurisdiction for failure to exhaust administrative remedies.

Before pursuing alleged violations of contract, "parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." School Administrators Assn. v. Dow, 200 Conn. 376, 382, 511 A.2d 1012 (1986); Cahill v. Board of Education, 198 Conn. 229, 236-39, 502 A.2d 410 (1985).

> Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed.

Drumm v. Brown, 245 Conn. 657, 676 (1998). "[F]ailure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." Hunt v. Prior, 236 Conn. 421, 431 (1996).

> Ordinarily a court may entertain a suit by an individual employee to enforce the terms of a collective bargaining agreement only if the agreement so provides. . . . An employee does, however, have standing to enforce the terms of a collective bargaining agreement if the employee claims that the Union has breached its duty of fair representation.

Stosuy v. Stamford, 65 Conn. App. 221, 223 (2001), *quoting*, Labbe v. Hartford Pension Commission, 239 Conn. 168, 182 (1996). "Where the collective bargaining

agreement permits only the Union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the Union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith." Saccardi v. Board of Education, 45 Conn. App. 712, 722 (1997).

In Stosuy, the Connecticut Appellate Court affirmed the trial court's decision granting judgment as a matter of law in favor of the City of Stamford. As in this case, the plaintiff in Stosuy brought her action directly against the City for breach of contract based on the collective bargaining agreement, but did not bring a claim against her union alleging a breach of its duty of fair representation. The plaintiff argued that she was not required to make such a claim against her union. See id. at 222. The Appellate Court expressly disagreed. Id. Based on the doctrine of exhaustion of administrative remedies and the reasoning in Saccardi, the Appellate Court held the City of Stamford was entitled to judgment as a matter of law. Id.

A casual review of the complaint makes apparent that there is no claim against the Union for breach of its duty of fair representation by acting arbitrarily, maliciously, or in bad faith. Indeed, the Union is not a party-defendant in this case. Therefore, pursuant to Stosuy, the plaintiffs' complaint should be dismissed.

**III.    <u>CONCLUSION</u>**:

For the foregoing reasons, the Court should dismiss the First Count of the

plaintiffs' amended complaint.

DEFENDANT,
TOWN OF FARMINGTON BOARD
OF EDUCATION


By <u>/s/Alexandria L. Voccio</u>
    Alexandria L. Voccio
    ct21792
    Howd & Ludorf
    65 Wethersfield Avenue
    Hartford, CT  06114
    Phone:  (860) 249-1361
    Fax:  (860) 249-7665
    E-Mail:  avoccio@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand-delivered to the following counsel of record this 22nd day of October, 2004.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109

/s/Alexandria L. Voccio
Alexandria L. Voccio