UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 NOV -9  P 12: 45

U.S. DISTRICT COURT
HARTFORD, CT.

ALISTAIR GOODMAN    :
NICHOLAS GOODMAN    :
JAMES FENNER        :
                    :   CIVIL ACTION NO.
        Plaintiffs, :   3:01-CV-01609 (CFD)
                    :
vs.                 :
                    :
TOWN OF FARMINGTON  :
BOARD OF EDUCATION  :
                    :   NOVEMBER 5, 2004
        Defendant.  :
                    :

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs at present have a four count complaint, count one of which alleges breach of contract by Farmington Board of Education. Under date of October 22, 2004, the Town of Farmington Board of Education ("Farmington") has moved to dismiss the first count of plaintiffs' amended complaint purportedly because this court "lacks subject matter jurisdiction over this claim" because as the defendant alleges "the plaintiff failed to join the Union", which Farmington claims is a "necessary and indispensable party to this action."

On August 5, 2004, plaintiffs took the deposition of Farmington Board of Education, Superintendent of Schools, Robert O. Villanova. At such time plaintiffs confirmed their suspicion about certain facts that vitiate the very basis of Farmington's motion to dismiss. Succinctly put, plaintiffs were never notified of Farmington's action

terminating Marilyn Fenner's life insurance. As a consequence, Marilyn Fenner did not and could not utilize the grievance procedure to vindicate her rights. Marilyn Fenner died without ever being advised that her term life insurance had been cancelled. Resort to any grievance procedure after her death would be an exercise in futility. The Union is thus not a necessary nor indispensable party to this matter and Farmington, by its failure to notify Fenner has either waived and/or is precluded from claiming the Union is a necessary party under the circumstances of the instant matter.

In addition, plaintiffs desire to assert additional breach of contract claims against Farmington. All of these claims arise from the same set of circumstances that have been already set forth in the original pleading of which Farmington has had ample notice. Because this case was subject to a year and one-half court ordered stay, it has not yet had an amended 26(f) trial management order and this amendment will expedite rather than delay the trial of this matter. See *Grochowski v. Phoenix Construction*, 318 F. 3d 80 (2d Circ 2003)

Permission to amend rests within the discretion of the court. However, Rule 15(a) directs "... leave shall be freely given when justice so requires."

Indeed, since one purpose of the proposed amendment is to cure an alleged jurisdictional defect (failure to join the Union) it presents an even greater justification for permission. See *Schlesinger v. Councilman*, 420 US 738 (1975), *Grubbs v. General Elec. Credit Corp.*, 405 US 699 (1972), *Majd-Pour v. Georgianna Community Hospital*, 724 F.2d 901 (11th Circ 1984).

Respectfully Submitted

By *(signed)* David B. Beizer

David B. Beizer, Esq. (ct06161)
Beizer & Weintraub
Their Attorneys
345 North Main Street
West Hartford, CT 06117
(860) 236-5491

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this 5th day of November, 2004, via first class mail, postage prepaid, to:

Louis B. Blumenfeld, Esq.
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, Connecticut 06106

Alexandria L. Voccio, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114-1190

*(signed)* David B. Beizer

David B. Beizer
Commissioner of Superior Court