UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN, NICHOLAS, | : | NO.: 3:01CV1609 (CFD) |
| GOODMAN AND JAMES FENNER, | : | |
| EXECUTOR OF THE ESTATE OF | : | |
| MARILYN B. FENNER, | | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF FARMINGTON BOARD | : | |
| OF EDUCATION, AND KEVIN DENEEN | : | |
| Defendants | : | November 29, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

I.    BACKGROUND:

Pending before this Court is the plaintiffs' four-count amended complaint, dated November 26, 2001, against the defendants, Town of Farmington Board of Education and Kevin Deneen.[1]

In count one, the plaintiffs allege that the Board of Education breached the Collective Bargaining Agreement.[2]    See Amended Complaint, First Count, ¶7. Specifically, the plaintiffs allege that the Farmington Board of Education failed to provide life insurance coverage to the decedent, Marilyn Fenner, pursuant to the terms of the

---

[1] The plaintiffs' original complaint was filed in Superior Court against only Farmington Board of Education. The action was thereafter timely removed to this Court and the plaintiffs subsequently sought leave of court in November 2001 to amend their complaint to assert claims against Kevin Deneen.

[2] The plaintiffs also allege violations of the Family and Medical Leave Act, 29 U.S.C. § 2611, et seq. and Connecticut General Statutes § 46a-60(1) against the Board of Education. Since these claims are not relevant to the instant motion filed by the plaintiffs, they will not be addressed in this Memorandum of Law.

applicable collective bargaining agreement. <u>See</u> Amended Complaint, First Count, ¶¶2-3, 7.

The Farmington Board of Education stopped paying the premiums for Marilyn Fenner's life insurance in July 2000. <u>See</u> Amended Complaint, First Count, ¶5. The Board of Education contends that it was no longer required to continue the premiums on Dr. Fenner's life insurance as she was no longer an employee of the Board of Education as of July 2000. The plaintiffs contend that Dr. Fenner was still an employee. Dr. Fenner died on December 17, 2000. <u>See</u> Amended Complaint, First Count, ¶6.

A number of depositions have been conducted, following which the Board of Education filed a motion for summary judgment on or about March 12, 2004, seeking a dismissal of the amended complaint in its entirety. That motion was predicated on the following reasons for dismissal of the breach of contract claim:

i.    the plaintiffs' decedent was not an employee at the time of her death, and therefore, she did not enjoy rights under the Collective Bargaining Agreement;

ii.   the plaintiffs' decedent was not Actively at Work at the time of her death, and therefore, she was not entitled to life insurance under the Sun Life policy; and

iii.  the plaintiffs' decedent and/or her estate failed to exhaust available grievance procedures.

Thereafter, on or about October 22, 2004, the Board of Education filed a motion to dismiss the plaintiffs' breach of contract claim, pursuant to 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction. That motion was predicated on the plaintiffs' failure to allege that Dr. Fenner's union breached its duty of fair representation or join Marilyn Fenner's Union as a party-defendant, a jurisdictional

prerequisite for bringing an action for breach of the collective bargaining agreement. Both of these motions are currently pending before this Court.

Instead of responding to the Board of Education's motion to dismiss, on November 9, 2004, the plaintiffs moved this Court for leave to amend their amended complaint to modify its breach of contract claim. Specifically, the plaintiffs' substantive proposed amendments are as follows:

| **Amended Complaint** | **Proposed Second Amended Complaint**[3] |
|---|---|
| | ¶ 7: Farmington provided said term life insurance with a policy of insurance from Sun Life Assurance Company of Canada (the "Sun Life Policy"). |
| | ¶ 8: The terms of the Sun Life Policy were thereby incorporated into said collective bargaining agreement. |
| ¶ 7: Farmington breached its contractual agreement under the applicable collective bargaining agreement relative to maintaining term life insurance for the benefit of Marilyn Fenner. | ¶ 11: Farmington breached the covenant under the collective bargaining agreement relative to maintaining term life insurance for the benefit of Marilyn Fenner. |
| | ¶ 12: Defendant Farmington further breached its responsibility under the collective bargaining agreement (and the extant term life insurance agreement) by taking the action of terminating its premium payment of term life insurance for Fenner and not notifying Fenner of either its intention to terminate premium payments or the actual termination of the same. |
| | ¶ 13: The collective bargaining agreement contains an implied covenant of good faith and fair dealing by Farmington. |
| | ¶ 14: Defendant Farmington breached the covenant of good faith and fair dealing by negligently performing its responsibilities under the collective bargaining agreement |

---

[3] The plaintiffs seek to modify paragraphs 7 and 9 of their amended complaint as indicated and insert new paragraphs 7, 8, 12-16.

| | |
|---|---|
| | in not notifying Fenner of its terminating payment of term life insurance premiums. |
| | ¶15:    As a direct consequence of Farmington's failure to notify Fenner of said action of discontinuance of premium payments, Fenner was deprived of two basic rights under said collective bargaining agreement and under the Sun Life Policy (see Exhibit A affixed hereto, the explanatory brochure for the Sun Life Policy): (a) the right to request the Board of Education to continue and make payments for up to 12 calendar months (as provided on pages 7 and 8 of said explanatory brochure): and (b) the right to timely convert the Sun Life Policy to an individual policy as provided on pages 14, 15 and 16 of the said explanatory brochure. |
| | ¶ 16:   As an additional consequence of Farmington's failure to notify Fenner of said action of discontinuance of premium payments, Fenner was deprived of the timely opportunity to grieve the above-referenced actions of Farmington. |
| ¶ 9:    Plaintiffs Nicholas Goodman and Alistair Goodman have suffered damages as a result of the cancellation of said policy. | ¶ 17.   Plaintiffs Nicholas Goodman and Alistair Goodman have suffered damages as a result of the cancellation of said policy by Farmington without timely notification to Marilyn Fenner. |

See Amended Complaint, First Count and Proposed Amended Complaint, First Count.

In sum, the plaintiffs contend that modifying their allegation that the Board of Education breached its collective bargaining agreement to an allegation that the Board of Education breached "responsibility" under the collective bargaining agreement and that the Board of Education breached its "covenant of good faith and fair dealing" implied in the collective bargaining agreement and that Fenner was deprived of the opportunity to grieve the decision of the Board of Education to stop paying the

premiums because she was unaware of this decision before her death, will salvage their breach of contract claim. However, as more fully set forth below, because the plaintiffs' motion to amend their complaint was made after inordinate delay, no explanation was offered for the delay, the amendment would prejudice the defendant and the proposed amendment would be futile, this Court should deny the plaintiffs' motion to amend their amended complaint.

## II.    LAW AND ARGUMENT:

### A.    Standard For Granting Motion To Amend The Amended Complaint.

Although Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires," leave can be denied when there is undue delay, bad faith or dilatory motive, prejudice to the opposing party or where the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); see also Evans v. Syracuse City School Dist., 704 F. 2d 44, 46 (2d Cir. 1983); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Because the plaintiffs' motion to amend was made after inordinate delay, no explanation was offered for the delay, the amendment would prejudice the defendant and the proposed amendment would be futile, this Court should deny the plaintiffs' motion to amend their amended complaint. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); Krummer v. Westpoint Stevens, Inc., 143 F.3d 71, 88 (2d Cir. 1998); Zahara v. Town of Southold, 48 F.3d 674, 685-86 (2d Cir. 1995); Oneida Indian Nation of New York v. City of Sherrill, New York, 337 F.3d 139, 168 (2d Cir. 2003).

5

**1. The Plaintiffs' Motion To Amend Should Be Denied, As the Motion Was Made After Inordinate Delay, No Explanation Was Offered For The Delay and The Amendment Would Prejudice The Defendant.**

The plaintiffs' motion to amend their amended complaint was made after inordinate delay, no explanation was offered for the delay and the amendment would prejudice the defendant. Accordingly, their motion should be denied.

In Zahra, 48 F.3d 674, the plaintiff filed a motion to amend his complaint two and one half years after the commencement of the action citing "new developments" as a reason for the proposed amendments. Id. at 686. In affirming the district court's denial of the plaintiff's motion, the Second Circuit reasoned:

> It was entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one half years after the commencement of the action, and three months prior to trial. In our view, this constituted undue delay. *See [John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994)]* (no abuse of discretion in refusing to grant leave to amend a complaint where the amendment was sought more than four months after the court's deadline).

Id.

Further, in Krumme, 143 F.3d 71, the defendant sought to amend its answer to assert certain counterclaims. Id. *at* 88. The Second Circuit affirmed the district court's denial of the defendant's motion to amend. In doing so, the court reasoned that "a proposed amendment is especially prejudicial when discovery had already been completed and the non-movant had already filed a motion for summary judgment." Since the defendant knew that facts on which he based his proposed counterclaims, discovery was completed and the case was near resolution, the court held that the

6

district court acted "well within its discretion in concluding that [the defendant]'s new counterclaims would prejudice the plaintiff." Id. at 88.

Likewise in Cresswell, 922 F.2d 60, the plaintiffs appealed the district court's denial of their motion to amend their complaint to assert an additional cause of action that would entitle them to treble damages. Id. at 72.  The Second Circuit affirmed the district court's denial of the plaintiff's motion:

> Generally, permission to amend should be freely granted.  The court plainly has discretion, however, to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant.  The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, and the court is free to conclude that ignorance of the law is an unsatisfactory excuse.

Id.  The plaintiffs' motion was filed more than 17 months after bringing suit, more than six months after filing their second amended complaint and more than one month after responding to the motion for summary judgment.  Since the only excuse for the delay offered by the plaintiffs was the fact that he was unaware of the defense, the district court concluded and the Second Circuit affirmed that plaintiffs' excuse for the delay was unsatisfactory. Id.

In the instant matter, the plaintiffs motion is filed years after the commencement of this action, and after the Board of Education's dispositive motions were filed.  The plaintiffs offer no excuse for the delay, other than a desperate attempt to avoid dismissal of the breach of contract cause of action.  Accordingly, the plaintiffs' motion to amend their amended complaint should be denied.

**2. The Plaintiff's Motion Should Be Denied, As Plaintiff's Proposed Amendments Would Be Futile.**

As previously stated, leave to amend a pleading is not warranted in the case of, among other things, futility. <u>Forman,</u> 371 U.S. 178.  A proposed amendment to a pleading would be futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6).  <u>Oneida Indian Nation of New York</u>, 337 F.3d 139.  Since the plaintiffs' proposed amendment would be futile, the plaintiffs' motion should be denied. <u>See Id</u>; <u>Dougherty v. North Hempstead Bd. Of Zoning Appeals</u>, 282 F.3d 83, 88 (2d Cir. 2002); <u>Nettis v. Levitt</u>, 241 F.3d 186, 193 (2d Cir. 2001); <u>Health-Chem Corp. v. Baker</u>, 915 F.2d 805, 810 (2d Cir. 1990).

The plaintiffs admit that neither they nor Dr. Fenner filed a grievance with her Union contesting the Board of Education's decision to cease payment of life insurance premiums on behalf of Dr. Fenner.  <u>See</u> Plaintiffs' Proposed Second Amended Complaint, ¶ 16.  The Board of Education's 12(b)(1) motion was predicated on the fact that the plaintiffs' failure to join his Union in this case and allege breach of the duty of fair representation deprives the Court of subject matter jurisdiction for failure to exhaust administrative remedies.  The plaintiffs do not dispute this jurisdictional defect.  Instead, they attempt to avoid dismissal by modifying their breach of contract claim by asserting a breach of the covenant of good faith and fair dealing and by asserting that because Dr. Fenner was not aware of the Board of Education's decision to stop paying life insurance premiums on behalf of Dr. Fenner during her life, she was deprived of her ability to file a grievance.  Since the proposed amendments will not salvage their breach of contract claim, this Court should deny the plaintiffs' motion to amend.

8

Before pursuing alleged violations of contract, "parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court." School Administrators Assn. v. Dow, 200 Conn. 376, 382, 511 A.2d 1012 (1986); Cahill v. Board of Education, 198 Conn. 229, 236-39, 502 A.2d 410 (1985).

> Under our exhaustion of administrative remedies doctrine, a trial court lacks subject matter jurisdiction over an action that seeks a remedy that could be provided through an administrative proceeding, unless and until that remedy has been sought in the administrative forum. . . . In the absence of exhaustion of that remedy, the action must be dismissed.

Drumm v. Brown, 245 Conn. 657, 676 (1998).   "[F]ailure to exhaust the grievance procedures deprives the court of subject matter jurisdiction." Hunt v. Prior, 236 Conn. 421, 431 (1996).

> Ordinarily a court may entertain a suit by an individual employee to enforce the terms of a collective bargaining agreement only if the agreement so provides. . . . An employee does, however, have standing to enforce the terms of a collective bargaining agreement if the employee claims that the Union has breached its duty of fair representation.

Stosuy v. Stamford, 65 Conn. App. 221, 223 (2001), quoting, Labbe v. Hartford Pension Commission, 239 Conn. 168, 182 (1996).  "Where the collective bargaining agreement permits only the Union to take a grievance to arbitration, the employee has no further remedy unless he can prove that the Union breached its duty of fair representation by acting arbitrarily, maliciously, or in bad faith." Saccardi v. Board of Education, 45 Conn. App. 712, 722 (1997).  A cause of action for breach of the covenant of good faith and fair dealing on the basis of her collective bargaining agreement, like a breach of contract

9

claim, also requires the employee to exhaust the grievance procedures or demonstrate that the Union breached its duty of fair representation.  See Stosuy, 65 Conn.App. at 223.

In Stosuy, the Connecticut Appellate Court affirmed the trial court's decision granting judgment as a matter of law in favor of the City of Stamford.  As in this case, the plaintiff in Stosuy brought her action directly against the City for breach of contract and breach of the covenant of good faith and fair dealing based on the collective bargaining agreement, but did not bring a claim against her union alleging a breach of its duty of fair representation.  The plaintiff argued that she was not required to make such a claim against her union.  See id. at 222.  The Appellate Court expressly disagreed.  Id.  Based on the doctrine of exhaustion of administrative remedies and the reasoning in Saccardi, the Appellate Court held the plaintiff lacked standing and the City of Stamford was entitled to judgment as a matter of law.  Id.

A casual review of the proposed second amended complaint makes apparent that there is no claim against the Union for breach of its duty of fair representation by acting arbitrarily, maliciously, or in bad faith.  Indeed, the Union is not a party-defendant in this case.  Therefore, pursuant to Stosuy, the plaintiffs' proposed amendments would not withstand a motion to dismiss.  As such, their motion to amend their amended complaint should be dismissed.

The plaintiffs contend in their memorandum of law that because Dr. Fenner was not aware that the Board of Education ceased payment of life insurance premiums on her behalf, Dr. Fenner was deprived of an opportunity to file a grievance pursuant the collective bargaining agreement.  However, even if Dr. Fenner was not aware, her

10

estate was certainly aware following her death and should have filed her grievance following such discovery.  Since her estate failed to do so, the plaintiffs' proposed amendments to their amended complaint would be futile.  See King v. New York Telephone Co., 785 F.2d 31, 33-34 (2d Cir. 1986) (claims against both employer and union for breach of collective bargaining agreement and breach of the union's duty of fair representation accrue no later than the time when plaintiff knew or reasonably should have known that such breach had occurred).  Accordingly, this Court should deny the plaintiffs' motion to amend their complaint.  See Oneida Indian Nation of New York, 337 F.3d 139; Dougherty, 282 F.3d 83; Nettis, 241 F.3d 186; Health-Chem Corp., 915 F.2d 805; see also Madison v. St. Francis Medical Center, 1994 WL 382479 (9th Cir. 1994) (court denies the plaintiff's motion to amend his complaint to assert a breach of collective bargaining agreement, holding that because the employee did not exhaust his contractual remedies or plead that his union breached its duty of fair representation, the proposed amendment would be futile) (copy attached hereto as Exhibit 1).

    "Although a disgruntled employee may [also] bring a suit without first exhausting available grievance procedures if exhaustion of those remedies would be futile, such an employee may not simply *assert* that his use of grievance procedures would have been futile:  he must ordinarily at least have *attempted* to use them."  (emphasis retained). Parham v. Carrier Corp., 9 F.3d 383, 391 (5th Cir. 1993).  "The futility exception requires exactly that – futility.  Before a plaintiff may safely disdain available grievance procedures, invoking those procedures must be futile:  not annoying, bureaucratic, or unpromising, but futile."  Id.  An employee has the burden of producing some evidence

that resort to available grievance procedures would in fact be futile:  his mere subjective belief or conclusionary assertion will not suffice." Id.

The plaintiffs contend in their Memorandum of Law that Dr. Fenner died before she was aware of the Board of Education's decision to stop paying the life insurance premiums on behalf of Dr. Fenner.  Therefore, the plaintiffs contend that "[r]esort to any grievance procedure after her death would be an exercise in futility."    (Pla. Memorandum of Law, p. 2).  The plaintiffs, however, cite to no legal authority or factual basis supporting their contention that filing a grievance on Dr. Fenner's behalf would have been futile.    In fact, estate administrators routinely resort to the grievance procedures on behalf of decedent employees.

For example, Hiller v. Liquor Salesmen's Union, 338 F.2d 778 (2d Cir. 1964) was an action under 29 U.S.C. § 185 brought by the administrators of the estate of a former employee against his former employer.  That action alleged a conspiracy between the employers and the union to deprive the employee of certain rights under the collective bargaining agreement.    Initially, the district court granted the defendants' motion to dismiss, holding that the plaintiffs failed to exhaust the decedent's contractual remedies set forth in the grievance and arbitration provision set forth in the collective bargaining agreement.    The Second Circuit vacated the district court's decision, holding that because the plaintiffs asserted claims against the union for breach of the duty of fair representation, the plaintiffs are relieved of their duty to grieve the decedent's employer's action.  In doing so, however, the court reasoned:

> It is true that the collective bargaining agreements
> contain arbitration clauses and that if this were simply a

> suit for wrongful discharge, the arbitration clauses would be available to the employers as a defense. (Citations omitted). But where the employee's case is based upon conspiracy between his union and his employer to deprive him of his rights he cannot be forced to submit that issue to an arbitration between the employer and the union. Such a procedure would fail completely to settle the issues between the union member and his union.

Id. at 789.

Additionally, in Langston v. Housing Authority of the City of Bridgeport, 1999 WL 259659 (Conn. Super. 1999), vacated on reconsideration 1999 WL 643228 (Conn. Super. 1999) (Copies are attached hereto as Exhibits 2 and 3 respectively), the plaintiff, as the administrator of the estate of a former employee of the Housing Authority, filed an action against the Housing Authority alleging that the decedent's estate was owed certain life insurance coverage pursuant to the collective bargaining agreement. 1997 WL 259659 at * 1-2. After the plaintiff's decedent died, the plaintiff grieved the issue of whether the plaintiff's decedent was entitled to insurance proceeds pursuant to the collective bargaining agreement. Id. at * 2. The arbitrator found in favor of the defendants and the plaintiffs failed to file motions to confirm, vacate, correct or modify the award of the arbitrator. Id. Initially, the Connecticut Superior Court dismissed the plaintiff's complaint, holding that plaintiff's decedent's remedies pursuant to the collective bargaining agreement were not fully exhausted, due to the failure of the plaintiff to file motions to confirm, vacate, correct or modify the arbitrator's award. Accordingly, the court held that it lacked subject matter jurisdiction. Id. On a motion for reconsideration, the Connecticut Superior Court vacated that award, and held that since the collective bargaining agreement in effect between the defendant and the plaintiff

13

decedent's union did not provide for a personal right to seek arbitration, the plaintiff's decedent, and thus the plaintiff, lacked standing to move to confirm, vacate, correct or modify the arbitration award.  1999 WL 643228 at * 1.  Accordingly, the plaintiff was held to have exhausted the plaintiff's decedent's administrative remedies.  Id.

In both of the cases cited above, the employees were deceased and, while the courts permitted the administrators to go forward with their claims in court, it was for reasons not applicable to this case.  The court never opined that the death of the employee precluded the administrators from pursuing these decedents' claims.  The plaintiffs have not, because they cannot, establish that they were not required to at least attempt pursue the plaintiffs' decedent's claim through the grievance and arbitration provisions set forth in the applicable collective bargaining agreement.  Accordingly, the plaintiffs' proposed amendments to the amended complaint are futile and, thus, their motion to amend should be denied.

III.    **CONCLUSION**:

For the foregoing reasons, the Court should deny the Plaintiffs' motion to amend the amended complaint.

DEFENDANT,
TOWN OF FARMINGTON BOARD
OF EDUCATION

By___/s/  Michael J. Rose_____
Michael J. Rose, ct14803
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT  06114
Phone:  (860) 249-1361
Fax:  (860) 249-7665
E-Mail: mrose@hl-law.com

14

## CERTIFICATION

This is to certify that a copy of the foregoing has been hand-delivered to the following counsel of record this 29th day of November, 2004.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109

                                        /s/  Michael J. Rose
                                    Michael J. Rose

15