Westlaw.

29 F.3d 633 (Table)
29 F.3d 633 (Table), 1994 WL 382479 (9th Cir.(Hawai'i))
**Unpublished Disposition**
(Cite as: 29 F.3d 633, 1994 WL 382479 (9th Cir.(Hawai'i)))

Page 1

Briefs and Other Related Documents

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.

Steven MADISON, Plaintiff-Appellant,
v.
ST. FRANCIS MEDICAL CENTER, Defendant-Appellee.

No. 93-15494.

Submitted July 18, 1994. [FN*]
Decided July 21, 1994.

Appeal from the United States District Court for the District of Hawaii, No. CV-92-00553-DAE; David A. Ezra, District Judge, Presiding.

D.Hawai'i, 1992 WL 531497.

AFFIRMED.

Before: FARRIS, KOZINSKI, and NOONAN, Circuit Judges.

MEMORANDUM [FN**]

**1 Steven G. Madison appeals pro se the district court's summary judgment in favor of St. Francis Medical Center (St. Francis). Madison contends that the district court erred by (1) determining that his claims were preempted by section 301 of the Labor Management Relations Act (section 301), 29 U.S.C. § 185(a); and (2) denying him leave to amend his complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I
Background

In November 1990, the Hawaii Nurses' Association Collective Bargaining Organization (HNA) responded to Madison's request for information regarding employment opportunities for registered nurses in the Honolulu area. The HNA forwarded a list of hospitals in the Honolulu area, including St. Francis. Madison contacted St. Francis, which mailed him a recruitment package informing him that its registered nurses are covered by a collective bargaining agreement (CBA) between St. Francis and the HNA. St. Francis included information regarding its relocation allowance program and a wage schedule for registered nurses.

St. Francis hired Madison to work as a full-time registered nurse in its intensive care unit. St. Francis paid Madison a $2,000 relocation allowance in exchange for his agreement to work for 12 continuous months. The relocation agreement, signed by Madison, permitted St. Francis to deduct a prorated portion of the relocation allowance from his wages if he left its employ before the 12 months elapsed. If St. Francis terminated him for reasons other than misconduct or violation of its house rules, however, the relocation agreement provided that Madison retain the relocation allowance.

On April 26, 1991, Madison began his orientation program at St. Francis. During Madison's orientation period, St. Francis determined that Madison was not qualified to work in the intensive care unit. Madison declined St. Francis' invitation to be considered for a position in the medical surgical unit, and St. Francis terminated him effective May 7, 1991. After Madison's termination, St. Francis withheld his last net paycheck of $716.98 as a partial offset against the $2,000 relocation allowance it had paid him. Madison did not grieve his termination or the net pay withholding.

In August 1992, Madison filed two actions against St. Francis in Hawaii state court for breach of his employment agreement and for withholding his paycheck. [FN1] St. Francis removed the actions to federal district court on the ground that section 301 preempted the state law claims because Madison's employment was governed by the CBA. The district court consolidated the actions and granted summary judgment in favor of St. Francis.

II
Standard of Review

29 F.3d 633 (Table)                                                                 Page 2
29 F.3d 633 (Table), 1994 WL 382479 (9th Cir.(Hawai'i))
**Unpublished Disposition**
**(Cite as: 29 F.3d 633, 1994 WL 382479 (9th Cir.(Hawai'i)))**

We review de novo the district court's grant of summary judgment and will affirm only if, viewing the evidence in the light most favorable to the party opposing the motion, there are no genuine questions of material fact and the trial court applied the relevant substantive law. *Cook v. Lindsay Olive Growers,* 911 F.2d 233, 237 (9th Cir.1990).

### III
### Preemption

**\*2** Madison contends that the district court erred by granting summary judgment in favor of St. Francis because section 301 did not preempt his state law claims. We disagree.

Section 301 provides federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Litigation for breach of a CBA is governed by federal law under section 301, "whose broad preemptive scope entirely displaces any state cause of action based on a collective bargaining agreement, as well as any state claim whose outcome depends on analysis of the terms of the agreement." *Cook,* 911 F.2d at 237; *see also Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir.1987). Preemption analysis requires the court to look beyond the face of the complaint to determine whether the claims can be resolved only by referring to the CBA. *Cook,* 911 F.2d at 237.

Here, the district court correctly interpreted Madison's complaints as alleging two state causes of action: (1) wrongful discharge, and (2) improper pay withholding. With respect to the wrongful discharge claim, Madison alleged that he was subject to an oral contract with St. Francis, not the CBA. Because Madison's position was covered by the CBA, however, any oral contract could not survive coverage by the CBA and section 301 preempts any state law claims relating to termination of employment. *See Young,* 830 F.2d at 997.

Likewise, Madison's wrongful withholding claim requires interpretation of the CBA. The relocation agreement authorized St. Francis to retain a prorated portion of Madison's net pay if it terminated him for misconduct or violation of its house rules. Under the CBA, St. Francis' house rules must conform to the CBA and its terms. Thus, because Madison's withholding claim is bound up with an interpretation of the CBA, section 301 also preempts it. *See Cook,* 911 F.2d at 241.

To the extent federal law supplants Madison's claims and he has alleged a section 301 claim, *see Young,* 830 F.2d at 998, Madison did not exhaust his grievance procedures, and the district court concluded Madison could not sustain an action under section 301. *See id.* at 1002. Madison does not contest the court's conclusion except to the extent he was denied leave to amend. *See infra* Part IV. Accordingly, the district court properly granted summary judgment for St. Francis on Madison's preempted state law claims. [FN2]

### IV
### Leave to Amend Complaint

Madison contends that the district court erred by denying his motion for leave to amend the complaint and rejecting his Proposed Amended Complaint. We disagree.

We review for abuse of discretion the district court's decision to deny leave to amend after a responsive pleading has been filed. *Schlacter-Jones v. General Tel.,* 936 F.2d 435, 439 (9th Cir.1991).

While leave to amend should be freely given when justice requires, *see* Fed.R.Civ.P. 15(a), the futility of claims and a pending summary judgment motion weigh heavily against allowing leave to amend. *See Schlacter-Jones,* 936 F.2d at 443. Moreover, "[a] motion for leave to amend is not a vehicle to circumvent summary judgment." *Id.* Nevertheless, "[a] pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear the deficiencies of the complaint could not be cured by amendment.' " *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) (quoting *Broughton v. Cutter Lab.,* 622 F.2d 458, 460 (9th Cir.1980) (per curiam)).

**\*3** A bargaining unit employee may not sue for breach of the CBA unless he has exhausted the contractual grievance procedures. *Jackson v. Southern California Gas Co.,* 881 F.2d 638, 646 (9th Cir.1989); *see, Schlacter-Jones,* 936 F.2d at 442-43. An employee who fails to exhaust his contractual remedies may litigate the breach only if he can prove the union breached its duty of fair representation. *See Jackson,* 881 F.2d at 646. To demonstrate that a union breached the duty of fair representation, the plaintiff must offer evidence that the union acted arbitrarily or discriminatorily by failing to process his grievance. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163-64 (1983). A claim

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

29 F.3d 633 (Table)   Page 3
29 F.3d 633 (Table), 1994 WL 382479 (9th Cir.(Hawai'i))
**Unpublished Disposition**
(Cite as: 29 F.3d 633, 1994 WL 382479 (9th Cir.(Hawai'i)))

against a union for breach of the duty of fair representation must be brought within six months. *See Jackson,* 881 F.2d at 646.

Here, Madison's Proposed Amended Complaint includes various allegations that St. Francis breached the CBA. The CBA provides that labor disputes shall be settled through grievance and arbitration procedures. Because Madison never filed a grievance, he was entitled to bring suit over a breach of the CBA only if he can show that the HNA breached its duty of fair representation. *See id.*

Neither Madison's original complaint nor his Proposed Amended Complaint alleges that the HNA breached the duty of fair representation or names the HNA as a defendant in the lawsuit. In any event, any claim that Madison might have that the HNA breached its duty of fair representation in 1991 is time-barred because Madison filed his original complaint approximately 15 months after he was terminated. *See id.*

Accordingly, because the deficiencies of Madison's complaint could not be cured by amendment, we hold that the district court did not abuse its discretion by denying Madison's motion for leave to amend his complaint. *See Schlacter-Jones,* 936 F.2d at 443. [FN3]

AFFIRMED.

> FN* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Madison's request for oral argument.
>
> FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.
>
> FN1. Madison filed two identical state-court complaints, reading in their entirety as follows: Plaintiff accepted a position of staff R.N. on the critical care floor of St. Francis Medical Center based on a letter signed by Jan Marshall, an authorized representative of S.F.M.C. An oral contract was made by telephone and reinterated [sic] in writing on 4/22/1991. Moving and travel expenses were to be compensated by a relocation allowance of $2,000.00 irrevocably unless terminated for misconduct or violation of house rules, which were never provided and denied by hospital representative as existing.
>
> FN2. Madison asserts that the district court erred by permitting removal to federal court because St. Francis attached the wrong CBA to its notice of removal. We disagree for three reasons. First, 28 U.S.C. § 1447(c) requires a party to file a motion to remand a case to state court based upon a defect in the removal petition within 30 days after the filing of the notice of removal. Because Madison never filed a motion for remand within 30 days, he waived it. *See Fristoe v. Reynolds Metal Co.,* 615 F.2d 1209, 1212 (9th Cir.1980) (per curiam). Second, Madison concedes that his employment was subject to the CBA. Finally, St. Francis included the proper CBA in its motion for summary judgment which the district court considered and relied upon. Accordingly, the district court did not err by refusing to remand the cases to state court.
>
> FN3. Madison also argues that the district court erred by consolidating the two complaints, deciding the summary judgment motion without a hearing, denying his motion for reconsideration, and denying his motion for default judgment. We have considered and reject these contentions.

Briefs and Other Related Documents (Back to Top)

•Max K. WEISBARTH, Plaintiff-Appellant, v. HAWAIIAN TUG & BARGE CORP.; Inlandboatmen's Union of the Pacific; John does 1-20, Defendants-Appellees., 1993 WL 13098521 (Appellate Brief) (C.A.9 August 18, 1993), Answering Brief of Defendant-Appellee Hawaiian Tug & Barge Corp.

29 F.3d 633 (Table), 1994 WL 382479 (9th Cir.(Hawai'i)) Unpublished Disposition

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.