——————————————— (Cite as: 1999 WL 259659 (Conn.Super.)) ———————————————

1999 WL 259659 (Conn.Super.)
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
Ella LANGSTON
v.
HOUSING AUTHORITY OF the CITY OF BRIDGEPORT et al.
No. CV 950323103S.
April 19, 1999.

Memorandum of Decision Re: Motion to Dismiss (Docket Entry No. 112)

MELVILLE, J.
*1

——————————————— (Cite as: 1999 WL 259659, *1 (Conn.Super.)) ———————————————

The plaintiff, Ella Langston, as the administrator of the estate of Frank Langston, filed a two-count complaint against the defendants, City of Bridgeport Housing Authority, Clarence Craig and Reverend Sultan Stack. The plaintiff alleges that the decedent's estate is owed $25,000 in life insurance coverage pursuant to Article XVII § 17.0(d) and § 17.3(3) of a collective bargaining agreement between the plaintiff's decedent and the defendants in effect at the time of the decedent's death. The defendants filed a motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction due to the plaintiff's failure to exhaust administrative remedies available under the collective bargaining agreement. On January 15, 1999, this court denied the defendants' motion to dismiss without prejudice to renew on the ground that the defendants had failed to file a copy of the collective bargaining agreement with the motion to dismiss.
The defendants have now filed a motion to reconsider the motion to dismiss as well as a copy of the collective bargaining agreement. Accordingly, the court grants the defendants' motion to reconsider and herein decides the motion to dismiss on the merits.
A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff *cannot* as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A ruling on a motion to dismiss is neither a ruling on the merits of the action nor a test of whether the complaint states a cause of action. Motions to dismiss are granted solely on jurisdictional grounds. Malasky v. Metal Products Corp., 44 Conn.App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906, 693 A.2d 293 (1997). Subject matter jurisdiction can be raised at any time. Cohen v. Cohen, 41 Conn.App. 163, 165, 674 A.2d 869 (1996) Once the question of lack of jurisdiction is raised, it must be disposed of no matter in what form it is presented, and the court must fully resolve it before proceeding further with the case. Figueroa v. C & S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996).
The defendants' argument that the plaintiff has failed to exhaust its administrative remedies pursuant to the collective bargaining agreement raises the issue of whether the court has subject matter jurisdiction over the plaintiff's claim. It is well settled under both federal and state law that, before resort to the courts is allowed, an employee must at least attempt to exhaust exclusive grievance and arbitration procedures, such as those contained in the collective bargaining agreement between the defendants, and the plaintiff's union. Failure to exhaust the grievance procedures deprives the court of subject matter jurisdiction. Hunt v. Prior, 236 Conn. 421, 431-32, 673 A.2d 514 (1996).
*2

——————————————— (Cite as: 1999 WL 259659, *2 (Conn.Super.)) ———————————————

Section 7.0 of the collective bargaining agreement provides:
Grievances arising out of matters pertaining to working conditions of the Housing Authority and disputes and consultations of any questions arising out of the employer-employee relationship will be processed in the following manner at the request of either party.

The collective bargaining agreement then provides a series of steps through which grievances are to be settled. Section 7.0D provides:

If the grievance is not settled in Step 3, the Union may submit the dispute to arbitration by the Connecticut State Board of Mediation and Arbitration. The decision of the arbitrators shall be final and binding on both parties.

This is the final step provided in the collective bargaining agreement for resolution of disputes.

On June 18, 1991, the issue of whether the plaintiff's decedent was entitled to insurance proceeds pursuant to the collective bargaining agreement was arbitrated before the State Board of Mediation and Arbitration by a single arbitrator. The plaintiff's decedent's interest was represented by the plaintiff's decedent's union, AFSCME, Co. 4, Local 818. [FN1] On July 10, 1991, the arbitrator found in favor of the defendants. At the time of the arbitration hearing and award, the present plaintiff had not yet been named administrator of the decedent's estate. According to the plaintiff's complaint, Ella Langston was not appointed the administrator of the decedent's estate by the Probate Court until March 8, 1995. The plaintiff now represents the interests of the decedent, and filed this action on May 16, 1995.

> FN1. The plaintiff's decedent died on July 15, 1989. The decision of the arbitrator refers to the plaintiff's **decedent** as the "grievant" for
>
> purposes of arbitration.

The plaintiff's **decedent's** remedies pursuant to the **collective bargaining agreement** have not been fully **exhausted**. The plaintiff has failed to file motions to confirm, vacate, correct or modify the award of the arbitrator pursuant to General Statutes §§ 52-417--52-419. These motions are a part of the exhaustion process. See *Robinson v. Hartford,* Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 513379 (December 12, 1994) (*Sheldon, J.*); see also *Stratford v. State of Connecticut Board of Mediation and Arbitration,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 317215 (September 29, 1995) (*Hauser, J.*); *Cross v. Nearine,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 538675 (February 17, 1995) (*Wagner, J.*). Requiring the plaintiff to seek review of the arbitration award fosters "an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the [arbitrator's] findings and conclusions." *Mendillo v. Board of Education,* 246 Conn. 456, 466, 717 A.2d 1177 (1998) (discussing concept of exhaustion in context of Teacher Tenure Act). Such exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency in advance of possible judicial review. *Id.,* 467, 717 A.2d 1177.
*3

--------- (Cite as: 1999 WL 259659, *3 (Conn.Super.)) ---------

Because the plaintiff has failed to exhaust the administrative remedies pursuant to the collective bargaining agreement, the plaintiff may not bring this suit in the Superior Court as to the first count of its complaint. In addition, the plaintiff may not pursue its cause of action in the second count of the complaint sounding in CUTPA. See *Rappaport & Benedict, P.C. v. Stamford,* 39 Conn.App. 492, 495-96, 664 A.2d 1193 (1995) (affirming trial court decision granting defendant's motion to dismiss entire complaint for lack of subject matter jurisdiction on ground of failure to exhaust contractual remedies where plaintiff brought action pursuant to collective bargaining agreement as well as CUTPA claim); *Krajewski v. Area Cooperative Educational Services,* Superior Court, judicial district of New Haven at New Haven, Docket No. 374594, 22 CONN.L.RPTR. 621 (July 31, 1998) (*Levin, J.*) (because plaintiff failed to exhaust administrative remedies, court lacked jurisdiction not only over a negligence count, but also over counts alleging conspiracy and violation of CUTPA).

Accordingly, the defendants' motion to dismiss for lack of subject matter jurisdiction is hereby granted.

Conn.Super.,1999.
Langston v. Housing Authority of City of Bridgeport
1999 WL 259659 (Conn.Super.)
END OF DOCUMENT