Westlaw.

Not Reported in A.
1999 WL 643228 (Conn.Super.), 25 Conn. L. Rptr. 281
(Cite as: 1999 WL 643228 (Conn.Super.))

Page 1

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.


Superior Court of Connecticut.

Ella LANGSTON,
v.
HOUSING AUTHORITY OF THE CITY OF BRIDGEPORT, et al.

No. CV 950323103S.

Aug. 9, 1999.


MELVILLE.

Memorandum of Decision Re: Motion for Reconsideration (Docket Entry No. 121)

*1 The plaintiff moves this court to reconsider its decision granting the defendants' motion to dismiss, dated April 15, 1999. Although the plaintiff failed to cite any of the authority discussed below, the court believes that it is nevertheless in the interest of justice to reconsider its prior judgment in response to the plaintiff's motion. The court hereby *vacates* its decision dismissing the plaintiff's action for lack of subject matter jurisdiction based on failure to exhaust the grievance procedure.

Ordinarily, moving to confirm, vacate, correct or modify an arbitration award is part of the exhaustion process. See, e.g., *Cross v. Nearine,* Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 538675 (February 17, 1995) (*Wagner, J.*) (granting motion to dismiss where plaintiff failed to appeal adverse arbitration award or follow arbitration procedures). Here, however, the plaintiff estate was not required to exhaust these remedies because the decedent employee (and thereafter the estate) lacked standing to move to confirm, vacate, correct or modify the arbitration award under General Statutes § § 52-417 through 52-419.

Unless a collective bargaining agreement provides for a personal right to seek arbitration an employee subject to the agreement is not a "party to the arbitration" under General Statutes § 52-417 and thus has no standing to apply to confirm an award.

*Hartford v. Local 308,* 171 Conn. 420, 429, 370 A.2d 996 (1976). Such an employee could not be said to be a "party to the arbitration" under § 52-418 and thus has no standing to apply to vacate an award. *McCaffrey v. United Aircraft Corporation,* 147 Conn. 139, 142, 157 A.2d 920, cert. denied, 363 U.S. 854, 80 S.Ct. 1636, 4 L.Ed.2d 1736 (1960). *Housing Authority v. Local 1161,* 1 Conn.App. 154, 156, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). [FN1]

FN1. General Statutes § 52-419 also uses the term "any party to an arbitration" with regard to a motion to modify or correct the award.

"The collective bargaining agreement here provides for arbitration between AFSCME and the housing authority. While the first three steps of the grievance procedure involve the employee's rights to proceed, the fourth step provides that if the grievance is not settled in step three 'the *Union* may submit the dispute to' arbitration by the board, the decision of which 'shall be final and binding on both parties.' ... There is no language in the agreement giving [the employee] a personal right to arbitration." *Id.,* 156-57, 468 A.2d 1251.

The terms of the collective bargaining agreement (CBA) between the decedent employee's union, Local 818 of Council 4, AFSCME, AFL-CIO, and the Bridgeport Housing Authority similarly preclude the employee from challenging the arbitration award. (Collective Bargaining Agreement, p. 8, Section 7.0 D.) Because the employee was not a party to the arbitration, he had no standing to move to vacate, correct or modify the award. It follows that the employee's estate, which represents the interests of the deceased employee, also lacked standing. As a result, it cannot be held that the plaintiff failed to exhaust the grievance procedure.

*2 In *Robinson v. City of Hartford,* Superior Court, judicial district of Hartford-New Britain, Docket No. 513379 (December 12, 1994) (*Sheldon, J.*), the court dismissed the plaintiff's claim for failure to exhaust administrative remedies. "Because the plaintiff failed to file a timely motion to vacate, correct or modify the arbitrator's award under General Statutes § 52-418, she has failed to exhaust her administrative remedies, and this Court is deprived of subject-matter jurisdiction over this case." *Id.* In *Robinson,* the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.                                                                                                  Page 2
1999 WL 643228 (Conn.Super.), 25 Conn. L. Rptr. 281
**(Cite as: 1999 WL 643228 (Conn.Super.))**

plaintiff was a member of the Hartford Municipal
Employees Union and subject to a collective
bargaining agreement between the Union and the
City of Hartford. It is unclear from the decision
whether the collective bargaining agreement gave
union members a right to pursue arbitration or
whether *Housing Authority v. Local 1161* and related
authority were not brought to the attention of the
court. It is also possible that, regardless of the terms
of the collective bargaining agreement, the plaintiff
was properly treated as a party to the arbitration. See
*Colleran v. Cassidento,* 27 Conn.App. 386, 394, 607
A.2d 434 (1992) (holding that the plaintiffs had
standing to apply to vacate the arbitration award
because the defendant's demand for arbitration
explicitly named the plaintiffs as parties and the
plaintiffs would be liable for any award against the
partnership). [FN2]

> FN2. Although the demand for arbitration is
> not in the court file here, the arbitration
> award indicates that the union and the
> Bridgeport Housing Authority were the only
> entities considered to be parties. (Motion to
> Dismiss, Exhibit 1.)

Although this court relied on cases such as
*Robinson v. City of Hartford* in its prior decision,
such reliance was misplaced in light of the
applicability of *Housing Authority v. Local 1161* to
the facts of this case. Because the employee here was
not a party to the arbitration, the plaintiff estate had
no standing to move to vacate/correct/modify the
arbitration award under General Statutes § § 52-417
through 52-419. Therefore, the plaintiff's failure to
file such a motion does not deprive the court of
jurisdiction.

Based on the foregoing, this court's prior decision
granting the motion to dismiss is vacated and the
motion to dismiss for failure to exhaust the grievance
procedure is hereby *denied.*

1999 WL 643228 (Conn.Super.), 25 Conn. L. Rptr.
281

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.