UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ALISTAIR GOODMAN, ET AL            :        NO.: 3:01CV1609 (CFD)
                                   :
v.                                 :
                                   :
TOWN OF FARMINGTON BOARD           :
OF EDUCATION                       :        OCTOBER 6, 2005

## ANSWER AND AFFIRMATIVE DEFENSES TO
## SECOND AMENDED COMPLAINT DATED NOVEMBER 5, 2004

**FIRST COUNT**:        (Breach of Contract)

1.       Paragraphs 1, 4, 5, 8, 11, 12, 14, 15, 16, and 17 are denied.

2.       As to paragraphs 2, 3, and 13, the defendant does not have sufficient

knowledge or information upon which to base a belief or opinion about the truth of the

matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

3.       As to paragraph 6, the defendant admits that Marilyn Fenner enrolled

for group life insurance coverage, and that the defendant paid Dr. Fenner's insurance

premiums until July 1, 2000 in accordance with the terms of the applicable collective

bargaining agreement.

4.       Paragraphs 7 and 10 are admitted.

5.       As to paragraph 9, the defendant admits that Marilyn Fenner was no

longer an employee–administrator as of July 1, 2000, and that as such, the

defendant stopped paying Dr. Fenner's insurance premiums. The remainder of paragraph 9 is denied.

**SECOND COUNT**:     (Violation of C.G.S. §§46a-60(1))

6.     The answers to paragraphs 1 through 9 of the First Count are hereby incorporated and made the answers to paragraphs 1 through 9 of the Second Count as if fully set forth herein.

7.     As to paragraphs 10, 12, and 20, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

8.     Paragraphs 11, 13, 14, 17, and 19 are admitted.

9.     As to paragraph 15, the defendant admits that Marilyn Fenner was approved for disability benefits from the State of Connecticut. As to the remainder of paragraph 15, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

10.     Paragraphs 16, 18, and 21 are denied.

**THIRD COUNT**:     (Violation of the Federal Family Medical Leave Act – 29 U.S.C. 2611, et seq.)

11.     The answers to paragraphs 1 through 6 of the First Count are hereby incorporated and made the answers to paragraphs 1 through 6 of the Third Count as

2

if fully set forth herein.

12.    Paragraphs 7, 8, 10, 13, 14, and 17 are denied.

13.    As to paragraph 9, the defendant admits that on or about June 22, 2000, Marilyn Fenner applied for disability benefits that are provided under the State of Connecticut Teachers' Retirement Board.  The remainder of paragraph 9 is denied.

14.    As to paragraph 11, the defendant admits that it was aware of, and supported, Marilyn Fenner's application for disability benefits.  The remainder of paragraph 11 is denied.

15.    As to paragraph 12, the defendant admits that Marilyn Fenner was approved for disability benefits from the State of Connecticut.  As to the remainder of paragraph 12, the defendant does not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leaves the plaintiffs to their burden of proof.

16.    As to paragraph 15, the defendant admits that Marilyn Fenner was no longer an employee–administrator as of July 1, 2000, and that as such, the defendant stopped paying Dr. Fenner's insurance premium.  The remainder of paragraph 15 is denied.

17.    Paragraph 16 is admitted.

**FOURTH COUNT**:

The defendant, Town of Farmington Board of Education does not answer Count Four, as it is not directed to it.

### BY WAY OF AFFIRMATIVE DEFENSES

**First Affirmative Defense as to the First Count:**

Plaintiffs' claim is barred because the decedent failed to exhaust her administrative remedies – to wit, the decedent, her estate and/or her union failed to file a timely grievance contesting the failure to pay insurance premiums.

**Second Affirmative Defense as to the First Count:**

This Court lacks subject matter jurisdiction because the plaintiffs failed to join the decedent's Union, a necessary and indispensable party, to this action.

**First Affirmative Defense as to the Second Count:**

Plaintiffs' claim is barred because the decedent failed to exhaust her administrative remedies – to wit, the decedent and/or her estate failed to file an administrative claim with the CHRO prior to instituting suit, and has failed to obtain a Release to Sue letter from the CHRO.

**Second Affirmative Defense as to the Second Count:**

Plaintiff fails to state a claim upon which relief can be granted because the decedent could not perform the essential functions of her position at the time of the alleged discriminatory conduct.

DEFENDANT,
TOWN OF FARMINGTON
BOARD OF EDUCATION


By /s/Alexandria L. Voccio
    Alexandria L. Voccio
    ct21792
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail: avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 6th day of October, 2005.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109

/s/Alexandria L. Voccio
Alexandria L. Voccio