UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALISTAIR GOODMAN, ET AL | : | NO.: 3:01CV1609 (CFD) |
| | : | |
| v. | : | |
| | : | |
| TOWN OF FARMINGTON BOARD | : | |
| OF EDUCATION | : | NOVEMBER 10, 2005 |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT REGARDING THE APPLICATION OF CONN. GEN. STAT. §38a-456**

Pursuant to the Court's order dated November 1, 2005, the defendant, Farmington Board of Education, hereby submits this supplemental brief regarding the application of Conn. Gen. Stat. §38a-456 to the pending motion for summary judgment.

General Statute §38a-456 has no direct bearing on the defendant's motion for summary judgment for two reasons: (1) there is no provision in the collective bargaining agreement incorporating the statutory notice requirement; and (2) the statute does not apply to municipalities.

**I.   There Is No Provision In The Collective Bargaining Agreement Incorporating Conn. Gen. Stat. §38a-456.**

As plaintiff's counsel sets forth in his October 28, 2005 letter to the Court, the plaintiffs' claim is based on contract law, specifically the collective bargaining agreement. As such, any basis for providing notice to Dr. Fenner of the cancellation of her life insurance coverage must be found in the language of the collective bargaining agreement itself. A breach of contract claim is limited to the four corners

1

of the contract. In this case, the contract at issue is the collective bargaining agreement which states only that: "The Board will provide administrators with life insurance at an amount equal to two times the administrator's salary." The agreement makes no mention of Conn. Gen. Stat. §38a-456 and/or a notice requirement, and there is no language incorporating Connecticut General Statutes generally. General Statute §38a-456 provides for an independent cause of action; it does not form the basis for a contractual obligation.

Thus, the issue returns to whether or not the Board breached the <u>contract</u>. There is no evidence that the Board failed to provide Dr. Fenner life insurance while she was employed as an administrator. The parties disagree as to whether Dr. Fenner was an "employee" as of July 1, 2000,[1] but there is no disagreement as to the fact that Dr. Fenner was no longer the principal of West District School. She did not hold any "administrator" position entitling her to coverage under the collective bargaining agreement.

---

[1] The defendant maintains that there is no evidence that Dr. Fenner was an employee. She was no longer receiving a paycheck from the Board; she was paying for her own health insurance; she was no longer paying union dues; she was no longer the principal; she and the Board had not agreed to her holding any other position; she was not performing any duties; and she could not perform the essential functions of the principal position. According to Dr. Villanova's letter dated February 6, 2001 (Plaintiffs' Exhibit C), Dr. Fenner confirmed her intent to retire in a meeting in his office in February 2000 and again to the staff in a meeting on February 29, 2000. Dr. Fenner was also honored at least three retirement celebrations where Dr. Villanova specifically addressed Dr. Fenner's decision to retire. Mr. Fenner has offered no evidence to refute Dr. Villanova's statements. Mr. Fenner's testimony regarding what he and his wife allegedly discussed is inadmissible hearsay. Moreover, neither Dr. Fenner nor her husband ever challenged Amy Barret's June 13, 2000 letter (Defendant's Exhibit H) congratulating Dr. Fenner on her retirement and advising her that she would be responsible for paying her own health insurance premiums.

**II.    Conn. Gen. Stat. §38a-456 Does Not Apply To Municipalities.**

As set forth above, the collective bargaining agreement does not incorporate Conn. Gen. Stat. §38a-456, either directly or indirectly. Section 38a-456, however, does provide for an independent cause of action against covered entities. This statute has no impact on the pending motion for summary judgment because (1) the plaintiffs have not filed a claim against the Farmington Board of Education pursuant to the statute; and (2) the Farmington Board of Education is not a covered entity under the statute.

**A.    The Plaintiffs Have Not Brought A Claim Pursuant To §38a-456.**

It is apparent from the pleadings that the plaintiffs have not filed a claim pursuant to §38a-456. As such, it would be inappropriate for the Court to consider such an action at this time.

**B.    Section 38a-456 Does Not Apply To Municipal Entities.**

Moreover, §38a-456 does not apply to municipal entities such as the Farmington Board of Education. The statute applies by its terms to "any individual, partnership, corporation or unincorporated association providing group life insurance coverage for its employees...." The statute does not indicate that it applies to municipalities.

"A municipality itself was generally immune from liability for its tortious acts at common law ... ." Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 165 (1988); Ryszkiewicz v. New Britain, 193 Conn. 589, 593 (1984). Common law governmental immunity, however, may be abrogated by statute. See Shore v.

Stonington, 187 Conn. 147, 154 (1982). The general rule developed in Connecticut's jurisprudence is that a municipality is immune from liability in tort unless the legislature has enacted a specific statute abrogating that immunity. See Williams v. New Haven, 243 Conn. 763, 766-67 (1998). In Williams, the plaintiff sought to recover damages in common law negligence against the City of New Haven. The plaintiff did not plead any statute, nor did she advance any statute as the basis for the defendant's liability at any time during the proceedings. See id. at 766. The Connecticut Supreme Court held that the plaintiff's action failed because she did not rely on any statute that abrogated the defendant's immunity. Id. at 769.

It is well established that statutes that abrogate or modify governmental immunity are to be strictly construed. See Tryon v. Town of North Branford, 58 Conn. App. 702, 720 (2000), *citing*, Rawling v. New Haven, 206 Conn. 100, 105 (1988). "A legislative intention not expressed in some appropriate manner has no legal existence." See Tryon, 58 Conn. App. at 721, *quoting*, Edmundson v. Rivera, 169 Conn. 630, 633 (1975).

In Tryon, the plaintiff attempted to impose strict liability on the defendant municipality pursuant to Conn. Gen. Stat. §22-357. 58 Conn. App. at 719. The trial court granted summary judgment in favor of the defendant on the ground that the claim was barred by governmental immunity. See id. at 720. The Court of Appeals affirmed. Id. at 723. This Court acknowledged the well-established principle that a municipality is generally immune from liability for its tortuous acts at common law and found that Conn. Gen. Stat. §52-557n "fails to mention any exception to the rule

4

of municipal immunity that would allow liability for injuries pursuant to §22-357." Id. at 721.  The Court further noted that the plaintiff did not cite to any other statutory authority to support the abrogation of the defendant's governmental immunity.  See id. at 722.

In Pane v. City of Danbury, 267 Conn. 669 (2004), the Connecticut Supreme Court considered the plaintiff's right to bring an invasion of privacy claim against a municipality.  The plaintiff's claim was premised on an alleged violation of the Freedom of Information Act.  The Court affirmed summary judgment in favor of the City on the ground that the plaintiff had failed to state a cause of action, but concluded that "even if it did, the plaintiff has not cited any statute allowing her to sue the city for invasion of privacy." Id. at 678.

The statute at issue in this case provides for an independent cause of action, but only against "any individual, partnership, corporation or unincorporated association providing group life insurance coverage for its employees...." Conn. Gen. Stat. §38a-456.  Municipalities are not included within the scope of the statute.

Plaintiffs' counsel claims that the term "corporation" as used in §38a-456 includes municipalities.  The legislature, however, did not define the term as such, nor did it otherwise express an intention for the statute to abrogate the immunity traditionally afforded to municipalities.  On the contrary, the definitions used in the Insurance and Corporations sections of the general statutes support a finding that the term "corporation" does not include a municipality.  Section 33-1002(8) (Corporations) defines corporation as follows:

> "Corporation" or "domestic corporation" means a corporation without capital stock or shares, which is not a foreign corporation, incorporated under the laws of this state, whether general law or special act and whether before or after January 1, 1997, but shall not include towns, cities, boroughs or any municipal corporation or department thereof.

Based on this definition, §38a-456 would certainly not apply to municipalities. The definitions sections pertaining to Insurance likewise suggest that corporations and municipalities are separate and distinct legal entities. Although the term "corporation" is not defined in the Insurance statutes, §38a-551(m) provides the following definition that is illustrative of the legislature's intentions:

> "Resident employer" means any person, partnership, association, trust, estate, limited liability company, corporation, whether foreign or domestic, or the legal representative, trustee in bankruptcy or receiver or trustee, thereof, or the legal representative of a deceased person, including the state of Connecticut and each municipality therein, which has in its employ one or more individuals during any calendar year, commencing January 1, 1976. For purposes of sections 38a-505, 38a-546 and 38a-551 to 38a-559, inclusive, the term "resident employer" shall refer only to an employer with a majority of employees employed within the state of Connecticut.

In defining "resident employer," the legislature listed both corporations and municipalities separately, a step that would have been unnecessary if the term corporation included municipalities.

As set forth above, statutes abrogating a municipality's governmental immunity are to be strictly construed. As in <u>Tryon</u>, the statute in this case does not clearly abrogate governmental immunity so as to provide for a cause of action against a municipality. As such, no such cause of action exists.

**III.** **Conclusion.**

For the reasons set forth above and in the defendant's prior memorandum of law, summary judgment should enter in favor of the defendant. The plaintiffs have offered no admissible evidence to show that Dr. Fenner was an administrator, or an employee at all, as of July 1, 2000, or that the Board breached the terms of the collective bargaining agreement. Moreover, the breach of contract claim should fail because Dr. Fenner and/or her estate failed to pursue a grievance.

> DEFENDANT,
> TOWN OF FARMINGTON BOARD
> OF EDUCATION
>
>
> By/s/Alexandria L. Voccio
>    Alexandria L. Voccio, ct21792
>    Howd & Ludorf
>    65 Wethersfield Avenue
>    Hartford, CT  06114
>    Phone:  (860) 249-1361
>    Fax:  (860) 249-7665
>    E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 10th day of November, 2005.

David B. Beizer, Esquire
Beizer & Weintraub
345 North Main Street
West Hartford, CT 06117

Louis B. Blumenfeld, Esquire
Cooney, Scully and Dowling
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106-5109

/s/Alexandria L. Voccio
Alexandria L. Voccio