UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALISTAIR GOODMAN
NICHOLAS GOODMAN
JAMES FENNER

    Plaintiffs,

vs.

TOWN OF FARMINGTON
BOARD OF EDUCATION

    Defendant.

CIVIL ACTION NO.
3:01-CV-01609 (CFD)

NOVEMBER 14, 2005

**APPLICABILITY OF 38a-456 C.G.S.**

The issue being briefed is limited to the applicability of Section 38a-456 C.G.S to the case at hand. More succinctly, do the dictates of 38a-456 C.G.S. reach the Farmington Board of Education? For purposes of this brief, the Farmington Board of Education is assumed to be an arm or agency of the Town of Farmington, in other words a municipality. See *Board of Education v. State Employers Retirement Commission*, 210 Conn. 451 (1989). Plaintiff has taken the position that a municipality is otherwise known as or can be categorized as a "municipal corporation." The question thus becomes, is a municipal corporation within the ambit of the language found in 38a-456 C.G.S.? Plaintiff submits that the language in 38a-456 C.G.S. is for this purpose, ambiguous and that this calls for the statutory construction of 38a-456 C.G.S. *Castagno v. Wholean*, 239 Conn. 336 (1996).

If ambiguity in a statute exists, a court is not confined to a literal meaning of the words of the statute. *State ex rel Rourke v. Barbieri*, 139 Conn. 203 (1952); *Dostmann v. Zoning Board of Appeals of Town of Glastonbury*, 143 Conn. 297 (1956),

When a statute is ambiguous, a court may look to the legislative intent. In the case at bar, the legislative intent relative to the scope of 38a-456 is impossible to evince, as the legislative history has no reference whatsoever to the intended scope of the statute. This requires resort to other statutory construction aids. To argue, as defendants most assuredly will that the statute is <u>penal</u> and therefore should be strictly construed is without merit, for the statute is also <u>remedial</u> and as such requires a liberal construction. A statute may be both remedial and penal. *Dubrevil v. Waterman*, 84 Conn. 47; and remedial statutes should be construed liberally in favor of those whom the law is intended to protect. *Dysart Corp. v. Seaboard Surety Co.*, 240 Conn. 10 (1997), *Okee Industries, Inc. v. National Grange Mut. Insurance Co.*, 225 Conn. 367 (1993), *State v. Vachon*, 140 Conn. 478 (1954), *Merchants Bank & Trust Co. v. Pettison*, 112 Conn. 652 (1931).

It has long been held that Connecticut statutes whether remedial <u>or</u> penal should be construed according to the apparent intention of the legislature which is to be gathered from the entire language used in connection with the subject and purpose of the law. *Lajoie v. Connecticut State Board of Labor Relations*, 837 F. Supp. 34 (1993), *State v. Garvin*, 242 Conn. 196 (1997), *Knight v. F. L. Roberts & Co., Inc.*, 241 Conn. 466 (1997), *Thompson and Peck, Inc. v. Division Drywall, Inc.*, 241 Conn. 370 (1997).

The words of the statute "Any individual, partnership, corporation, or unincorporated association" are without question extremely all inclusive and would <u>seem</u> at first encounter to encompass every entity that might employ citizens of this state. It

would be fair to say that one might presume that the draftsmen of this provision intended to include all employees and <u>not</u> to limit the scope of this remedial legislation. If limitation were intended, it would have been simple to exclude by specific mention, the class or classes of employers who deserved to be excluded. This was certainly not the case in this situation. No exclusionary language exists in this statute.

Furthermore, in construing a statute it has been said that common sense must be used, for courts will assume that a legislature intended to accomplish a reasonable and rational result. *Caltabiano v. Planning and Zoning Commission of Salem*, 211 Conn. 662 (1989), *In re Duda*, 182 B. R. 662, affirmed *Gernat v. Belford*, 98 F.3d 729 (1995), *Hall v. Gilbert and Bennett Mfg. Co., Inc.*, 241 Conn. 282 (1997). To hold that the statute does <u>not</u> reach Boards of Education would be bizarre and without an apparent reason for it would result in carving out a major employer of persons whose benefits typically include the provision of term group life insurance, (leaving included only the typical small corporate employer where the expected frequency of "notice" being a meaningful factor is <u>de minimus</u>). See *Evening Sentinel v. NOW*, 168 Conn. 26. [A statute should not be interpreted in any way to thwart its purpose.]

The apparent <u>purpose</u> of 38a-456 C.G.S. is to allow employees whose group term life insurance is being terminated to avail themselves of alternative remedies, such as conversion to an individual policy – the very right that Dr. Fenner was effectively denied. To construe the statute to not cover "municipal employers" would be to largely frustrate or greatly limit that intended purpose. *State v. State Employees' Review Board*, 239 Conn. 638 (1997); *Johnson v. U.S. By and Through Department of Treasury IRS*, 123 F.3d 700 (1997).

Plaintiff has previously argued that the Farmington Board of Education as an arm of the Town of Farmington requires inclusion as the Town of Farmington is a municipality and a municipality has long been recognized under Connecticut law and parlance as a "municipal corporation" or a special entity having a "corporate" existence.[1] While the term municipal corporation is not literally in 38a-456, there is no question that "corporation" is. Generally, courts should defer to plain meaning of language within a statute; however, a court must go beyond the literal language of a statute where the strict literal application would produce a result demonstrably at odds with the perceived intentions of its drafters. *Schaffer v. Ames Department Stores, Inc.*, 889 F. Supp. 41 (1995).

The doctrine of <u>noscitur a sociis</u> is applicable in this case. That doctrine holds that if two or more statutory terms are grouped together, it is possible to ascertain the meaning of a term (in this case the term is "corporation") by reference to its relationship with other associated words and phrases. See *Connecticut National Bank v. Giacomi*, 242 Conn. 17 (1997). Use of the words "any individual, partnership or unincorporated association" in conjunction with that of "corporation" would militate to the conclusion that any and every type of corporate existence was intended to be included – whether the corporation was a private corporation or a public corporation in the sense that it involved an arm of a municipal corporation. Finally, the adjective defining the specific classes of included subjects ("individual, partnership, corporation, or unincorporated association") is the word "any". Any has been defined in *Webster's New Collegiate Dictionary* (1981 Edition) as "one or some indiscriminately of whatever kind" (first definition). This

---

[1] *Webster's Unabridged Dictionary of the English Language*, 1989 Edition; *Black's Law Dictionary* (Fourth Edition 1951)

4

would strongly suggest that any kind of corporation was intended to be included – be it charitable or non-charitable; stock or non-stock, private or municipal.

The title to a statute can oft times provide a valuable insight and aid to its construction. In the case at bar the title of the statute is clear and unambiguous: "Notice of cancellation or discontinuation of group life insurance coverage". The title itself would suggest that the legislature was intending to remediate a particular problem (employees not getting notice of termination) that is totally independent of the character or form of the employer. There would appear to be no reason to not include "municipal" corporations within the ambit of employers who were intended to be reached. *State v. State Employees' Review Board*, 239 Conn. 638 (1997).

For these reasons, this Court should determine that 38a-456 C.G.S. is applicable.

## Conclusion

If 38a-456 C.G.S. is applicable, then there clearly exists a duty on the part of the Farmington Board of Education to give notice to Dr. Fenner. As 38a-456 C.G.S. explicitly states: "The notice shall be mailed or delivered to the insured employee not less than fifteen days next preceding the effective date of cancellation or discontinuation".

Farmington's position is that Dr. Fenner was no longer an employee as of July 1, 2000. Farmington further admits that Dr. Fenner's term life insurance was terminated effective July 1, 2000, for no premium was paid for Fenner for any period on or after July 1, 2000. That being the case, Farmington was obliged to giving Fenner notice "fifteen days next preceding [July 1, 2000]". Farmington failed to do so.

The giving of notice must be read into the terms and obligations of the collective bargaining agreement. Farmington breached its obligation to provide insurance and notice of the termination of the insurance as well as "breached its covenant of good faith and fair dealing by negligently performing its responsibilities under the collective bargaining agreement in not notifying Fenner of its terminating payment of term life insurance premiums." (Paragraph 14 of First Count of Second Amended Complaint.)

Plaintiffs have articulated sufficient facts to justify this Court finding a substantial basis for a breach of contract cause of action against the Farmington Board of Education.

Respectfully Submitted

By *[signature]*
David B. Beizer, Esq. (ct06161)
Beizer & Weintraub
Their Attorneys
345 North Main Street
West Hartford, CT 06117
(860) 236-5491

## CERTIFICATION

This is to certify that a copy of the foregoing was sent this 14th day of November, 2005, via first class mail, postage prepaid, to:

Alexandria L. Voccio, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, Connecticut 06114-1190

*[signature]*
David B. Beizer
Commissioner of Superior Court